# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-471V
### Filed: March 30, 2017

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| RONALD COOPER *as parent and* *next friend of* J.C., *a minor* | UNPUBLISHED |
| Petitioner, | |
| v. | |
| | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | Reasonable Amount to Which |
| AND HUMAN SERVICES, | Respondent Does Not Object. |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Howard Gold, Gold Law Firm, LLC, Wellesley Hills, MA, for petitioner.*
*Michael Milmoe, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On May 8, 2015, Ronald Cooper ("Mr. Cooper" or "petitioner") filed a petition for compensation on behalf of his minor child, J.C., under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that J.C. developed Sixth Cranial Nerve Palsy after receiving an influenza vaccination on November 24, 2012. *See generally* Petition ("Pet."), ECF No. 1. Respondent denies that the influenza vaccine caused petitioner's alleged injury. *See* Stipulation at ¶ 6. Nevertheless, the parties agreed to settle this case. Respondent filed a stipulation of settlement on November 23,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2016. Stipulation, ECF No. 32. Accordingly, on November 23, 2016, the undersigned issued a decision approving the settlement. Decision, ECF No. 33.

Petitioner now seeks an award of attorney's fees in the amount of $17,469.35 and costs in the amount of $916.65, for a total of $18,386.00, pursuant to Section 15(e) of the Vaccine Act. Motion for Attorney's Fees ("Motion for Fees") at 2, 5, 16, ECF No. 39. In accordance with General Order #9, petitioner's counsel has represented that petitioner did not incur any out of pocket expenses. *Id.* at 1. Respondent filed a response on February 24, 2017, stating that he "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" but leaves the determination of reasonable costs and fees to the discretion of the special master. Response at 2, ECF No. 40. After careful consideration, the undersigned has determined to grant the request for the reasons set forth below.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Mr. Gold has previously received the currently billed rates of $345 for work performed in 2014, $360 for work performed in 2015, and $370 for work performed in 2016, commensurate with his significant experience in the vaccine program. *See Karl v. Sec'y of HHS*, No. 14-36V, 2016 WL 6069200 (Fed. Cl. Spec. Mstr. Sept. 20, 2016). Additionally, Mr. Gold has requested an hourly rate of $380 for work performed in 2017. The Chief Special Master has previously approved this rate. *See Coston v. Sec'y of HHS*, No. 16-05V, 2017 WL 1152465 (Fed. Cl. Spec. Mstr. Feb. 23, 2017). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $18,386.00[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Howard Gold.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.